69 F.3d 549
 76 A.F.T.R.2d 95-5734
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Vicki Meek, Petitioners-Appellees,
v.
Don F. CHOQUETTE, Respondent-Appellant.
 No. 94-4164.
 United States Court of Appeals, Tenth Circuit.
 July 6, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Don F. Choquette appeals the district court's order resulting from a civil contempt hearing. The court ordered Mr. Choquette to either deliver requested documents to the Internal Revenue Service or serve fifteen days in prison for contempt of court. Mr. Choquette chose to surrender the documents, and now appeals this order.
 
 
 3
 The Internal Revenue Service had petitioned the district court to enforce summonses against Mr. Choquette pursuant to 26 U.S.C. 7402(b) and 7604(a). The Internal Revenue Service sought books, papers, records, and other data pertaining to Mr. Choquette's federal tax liability for 1982, 1989, and 1991. The district court ordered enforcement of the summonses. Mr. Choquette did not appeal this final order, but instead simply refused to comply.
 
 
 4
 The court initiated contempt proceedings and ordered Mr. Choquette to show cause why he should not be held in civil contempt. At the conclusion of the show cause hearing, the court ordered Mr. Choquette to deliver the documents directly to the Internal Revenue Service or serve time for contempt of court. Mr. Choquette complied with this order by delivering the documents to the Internal Revenue Service. Having received the documents, the Internal Revenue Service filed a motion to dismiss their enforcement petition. The court granted this motion and dismissed the case. Mr. Choquette appeals.
 
 
 5
 Mr. Choquette cannot appeal the district court's initial order enforcing the summons. That was a final order, see Church of Scientology of California v. United States, 113 S.Ct. 447, 451 (1992) (citing Reisman v. Caplin, 375 U.S. 440, 449 (1964)), entered 217 days before he filed this appeal, and 28 U.S.C. 2107(b) permits only 60 days to file an appeal when an agency of the United States is a party. Instead, Mr. Choquette frames his appeal as one pertaining to the show cause hearing. He argues the district court mishandled the proceedings by prohibiting him from speaking in his defense and by threatening him with imprisonment. He claims the district court erred in compelling him to surrender his tax related documents to the Internal Revenue Service. Mr. Choquette requests that we enjoin the Internal Revenue Service from further collection efforts based upon the material obtained through its enforcement action.
 
 
 6
 Upon careful review of Mr. Choquette's brief on appeal, it is clear to us that he is seeking an opportunity to collaterally attack the district court's enforcement order. He asserts the district court erred when it restricted him from arguing to the court against the enforcement of the summons. The purpose of the contempt proceeding was not, however, to reevaluate the propriety of the enforcement order but rather was an opportunity for Mr. Choquette to explain why he was unable to comply with the orders of the court. To satisfy his goal of challenging the enforcement order, Mr. Choquette should have timely appealed that order.
 
 
 7
 Accordingly, we AFFIRM and DISMISS this appeal.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470